UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:73CR192 HEA |
| | ) | |
| ARNOLD LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's *pro se* Motion to have his felony record expunged, [Doc. No. 2]. For the reasons set forth below, the motion must be denied.

Defendant advises the Court that since his conviction in 1973, he has become a productive member of society. He is working, but he believes his felony conviction is stopping him from being excepted for some employment.

While the Court is sympathetic to Defendant's position and commends Defendant on his achievements regarding consistent employment, the Court is without jurisdiction to grant Defendant's request. Under the law articulated by the Eighth Circuit Court of Appeals, a district court may not exercise ancillary jurisdiction to expunge a criminal record based solely on equitable grounds.

A district court may have ancillary jurisdiction to expunge criminal

records in extraordinary cases to preserve its ability to function successfully by enabling it to correct an injustice caused by an illegal or invalid criminal proceeding. However, in light of *Kokkonen,* [*v, Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)], we conclude that ancillary jurisdiction does not extend to expungement of a criminal conviction where the petitioner asserts solely equitable grounds.

Permitting the expungement of a record solely on equitable grounds would interfere with state and federal laws that rely on the existence of accurate and complete criminal records. . . Moreover, ordering the Executive Branch to expunge its records contravenes the statute requiring the Attorney General to preserve records. *See* 28 U.S.C. § 534(a)(1), (4) (providing that the Attorney General shall "acquire, collect, classify, and preserve identification, criminal identification, crime, and other records" and "exchange such records and information with, and for the official use of, authorized officials of the Federal Government, including the United States Sentencing Commission, the States, cities, and penal and other institutions"); *see also* 28 C.F.R. § 0.85(f) (mandating that the Director of the Federal Bureau of Investigations operate a computerized nationwide index of law enforcement information under the National Crime Information Center). We agree with the Ninth Circuit that "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." *Sumner,* 226 F.3d at 1014. For obvious and quite important reasons, Congress has recognized the critical nature of preserving criminal records and has specified the use and effect of certain criminal convictions. Allowing a district court to expunge criminal records based solely on equitable considerations, without an express grant of authority from Congress, would undermine these goals.

*U.S. v. Meyer*, 439 F.3d 855, 861 -863 (8th Cir. 2006).

Based on this binding authority, this Court may not exercise jurisdiction to grant the relief requested.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Expungement of his Criminal Record, [Doc. No. 2], is denied.

Dated this 15th day of August, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE